

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-3-2007

# USA v. Campbell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2681

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Campbell" (2007). *2007 Decisions.* Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2681

UNITED STATES OF AMERICA

v.

ROY CAMPBELL,

Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Criminal No. 03-cr-00658)
District Judge: Honorable William H. Walls

Submitted Under Third Circuit L.A.R. 34.1(a)
November 28, 2007

Before: BARRY, FUENTES, and GARTH, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: December 3, 2007)

**OPINION**

GARTH, <u>Circuit</u> <u>Judge</u>:

Roy Campbell ("Campbell") appeals his conviction following a jury trial for dealing

in firearms without a license.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18

U.S.C. § 3231.  For the following reasons, we will affirm his conviction.

## I.

Because we write only for the parties' benefit, we will only recite those facts essential to decide this appeal. Campbell was charged in a two count superseding indictment of conspiring to deal in firearms without a license in violation of 18 U.S.C. §§ 371, 922(a)(1)(A) ("Count I"), and dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and (2) ("Count II"). On October 6, 2004, a jury acquitted Campbell on Count I but convicted him on Count II.

The charges against Campbell stemmed from his illegal purchase of firearms in Colorado, which he sold to an individual in New Jersey. The evidence adduced at trial established that Campbell, a resident of New Jersey, purchased at least 86 handguns in Colorado while pretending to be a Colorado resident. He then transported those firearms back to New Jersey, where he sold them for a profit to a member of the gang, the "Bloods." Campbell committed these acts even though he never obtained a license to deal in firearms. The guns were later recovered in crime scenes in Newark and East Orange, New Jersey, all within a four-mile radius of Campbell's home.

## II.

The first issue Campbell raises on appeal concerns the Government's conduct at trial. During Campbell's cross examination, the prosecutor used a chart-sized notepad to chronicle his various trips to Colorado. On the chart, the prosecutor wrote "Roy Campbell's Excellent Denver Adventure."[1] Campbell's attorney objected to this

---

[1] This was an apparent reference to the movie, "Bill & Ted's Excellent Adventure."

comment and requested a curative jury instruction. The trial judge sustained the objection and promised to instruct the jury "to forget about" the chart. However, when the time came to instruct the jury, the trial judge never provided the instruction. Moreover, Campbell raised no objection to the trial judge's failure to provide the instruction.

Campbell contends that the Government's conduct, and the trial judge's failure to provide a curative instruction, warranted a mistrial. Because Campbell never requested a mistrial when he objected to the Government's conduct, nor objected when the trial judge failed to provide the instruction, we review these matters for plain error. Fed. R. Crim. P. 30(d); see also United States v. Richards, 241 F.3d 335, 342 (3d Cir. 2001) (holding that where defendant objected to a Jencks Act violation but did not request mistrial we review for plain error). Plain error occurs only when the error is clear and obvious and affects substantial rights. United States v. Wolfe, 245 F.3d 257, 261 (3d Cir. 2001). Substantial rights are affected if the error was sufficiently prejudicial to affect the outcome of the trial. Id.; see also United States v. Olano, 507 U.S. 725, 736 (1993). A favorable exercise of discretion to correct plain error is warranted if the defendant is actually innocent or the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Wolfe, 245 F.3d at 261. (internal quotation marks and citation omitted). A defendant has the burden of establishing plain error. Id. "In order to demonstrate prosecutorial misconduct under a plain error standard, the review must reveal egregious error or a manifest miscarriage of justice." United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003) (internal quotation marks and citations omitted). Here, we find no error.

By titling the chart as he did, the prosecutor appears to have attempted to interject humor into Campbell's trial. When Campbell's attorney objected to the Government's conduct, the trial judge immediately excused the jury and ordered the comment expurgated. The prosecutor then flipped over the chart and, the following day, removed the offending comment entirely so that it could not be seen by the jury.

In sum, Campbell has failed to show that the prosecutor's conduct affected his substantial rights or actually affected the outcome of the trial. The lack of a curative instruction does not change this analysis. Accordingly, Campbell failed to show that the trial court committed plain error warranting a new trial.

## III.

The next error Campbell raises concerns the prosecutor's comments during summation. At the end of his initial summation, the prosecutor commented about the anticipated remarks from defense counsel, Mr. Roberts, by stating:

> Now, Mr. Roberts is going to come up and he is going to talk to you and he will attempt to explain how these guns showed up in Newark and East Orange with obliterated serial numbers in the hands of Bloods gang members.
>
> But, I would like you to think about certain questions and see if Mr. Roberts answers those questions to your satisfaction while he is trying to explain all of this away....
>
> If the defendant sold all 86 guns to ABC Loan as he stated, how come he didn't keep the receipt? And see if Mr. Roberts can explain that. Why, if the defendant sold the guns to ABC Loan store in March of 2000 as he explained, how five of those guns just happened to follow him to Newark and East Orange and end up in the hands of Bloods gang members.

S.A. 608-09. Campbell contends that these remarks were improper because they improperly shifted the burden of producing evidence onto him. He also argues that the remarks openly challenged him to present a summation even though he was not obligated to do so. Finally, Campbell contends that the comments regarding the gang members were factually inaccurate and not in evidence. Because Campbell failed to raise any of these objections at trial, we will review them for plain error. United States v. Moore, 375 F.3d 259, 263 (3d Cir. 2005). Again, we find no error.

Campbell's assertion that the above-quoted summation amounted to improper burden-shifting by the Government lacks merit. We have explained that there is nothing improper about a prosecutor "attempt[ing] to focus the jury's attention on holes in the defense's theory." United States v. Balter, 91 F.3d 427, 441 (3d Cir. 1996). Such comments do "not implicate any of the burden-shifting concerns that are raised when a prosecutor points to a defendant's failure to testify or improperly suggests that the defendant has the burden of producing evidence." Id.[2]

Campbell's argument that the Government's remarks challenged him to provide a summation is likewise meritless. Even if such conduct by the Government could be considered sufficient to warrant retrial under the plain error standard, the record shows that Campbell's counsel gave every indication at trial that he would provide a summation.

---

[2] Campbell also argues that the prosecutor's posing of rhetorical questions constituted prosecutorial misconduct. We disagree. See United States v. Lore, 430 F.3d 190, 213 (3d Cir. 2005) (holding that the use of a rhetorical question during rebuttal summation fell far short of the showing necessary to establish misconduct).

(S.A. 501-02, 609.)  Furthermore, the Government's assertion that gang members ultimately received the weapons was supported by the record.  (S.A. 184-206.)

In sum, the District Court committed no plain error no allowing the above-quoted summation.

## IV.

Finally, Campbell raises an argument concerning the trial court's jury instruction on Count II, dealing in firearms without a license.  The trial court instructed the jury that Campbell could be found guilty of this count if he aided and abetted another person in the commission of that offense.  Campbell argues that this instruction was improper because it violated the Double Jeopardy Clause's prohibition against duplicitous charges in indictments (i.e., charging two or more distinct offenses in the same count).  Again, since Campbell never raised this argument at trial, we review it for plain error.  United States v. Dobson, 419 F.3d 231, 236 (3d Cir. 2005).[3]

Again, we find no plain error.  It is well-established that the aiding and abetting statute for which Campbell was charged, 18 U.S.C. § 2,  "'is an alternative charge in every count, whether explicit or implicit.'" United States v. Bryan, 483 F.2d 88, 95 (3d Cir. 1973) (quoting United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971)); see also

_____

[3] There is some evidence that this matter was brought to the trial court's attention when the jurors, during their deliberations, sent the judge a note asking whether they had to determine whether Campbell aided and abetted the commission of the offense charged in Count II (S.A. 661-67).  The record shows that the trial judge heard argument on the issue and that Campbell's counsel expressed some concerns about the charge.  However, the record shows that Campbell never raised any objection during the reading of the charge (S.A. 570-71), or at the charge conference held prior to the reading (S.A. 531-43).  Therefore, we will review this matter for plain error.  Fed R. Crim. P. 30(d).

United States v. Pungitore, 910 F.2d 1084, 1132 (3d Cir. 1990) ("Federal courts have long recognized that a defendant indicted as a principal may be convicted upon proof that he aided and abetted the charged offense."). Accordingly, we find no plain error.

## V.

For the foregoing reasons, we will affirm Campbell's conviction.